UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ABRAHAM KELLY,                )
                              )
        Plaintiff             )
                              )
    vs.                       )    Case No. 4:08-cv-00556-RBP-HGD
                              )
JAMES SANDERS, et al.,        )
                              )
        Defendants            )

## MEMORANDUM OF OPINION

On April 1, 2008, the plaintiff filed this action filed pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged in September of 2004. On October 8, 2008, the magistrate judge filed a report and recommendation in which he found the claims were filed outside the statute of limitations, and therefore recommended that the action be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b).[1] The plaintiff filed objections to the report and recommendation on October 15, 2008. (Doc. #11). However, on the

---

[1] The magistrate judge also noted that even if the complaint had been timely filed, the plaintiff had still failed to state viable claims.

date the report and recommendation was entered, the plaintiff had signed under penalty of perjury a "Petition to Amend Case in its Entirety" (Doc. #9) and a "Motion for Court Order" (Doc. #10) requesting the court to serve the defendants with his complaint, both of which were received by the court on October 14, 2008. Both the objections and the motion to amend the complaint will be addressed herein.

In his objections, the plaintiff argues that the statute of limitations has not elapsed because the harm he is suffering--being housed in a higher security level prison, rather than the work release program-- has not yet ended. He also challenges the magistrate judge's determination that the complaint failed to state a claim notwithstanding the statute of limitations.

The undersigned credits the magistrate judge's determination that this action was untimely filed.

Although state law determines the applicable statute of limitations period for claims under §1983, federal law determines the date of accrual. *Wallace v. Kato*, 549 U.S. 384 (2007); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir.1996); *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir.1980). Under § 1983 , a claim accrues when: (1) the plaintiff knows or has reason to know that he was injured, and (2) the plaintiff is aware or should be aware of who inflicted the injury. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir.1987)); see also, *Ashcroft v. Randel*, 391 F.Supp.2d 1214,

1219 (N.D.Ga.2005) (noting that the federal "discovery rule" governing the accrual of a federal civil rights action provides that "a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury that forms the basis of his complaint and (2) who inflicted that injury"). The plaintiff knew of the injury when the defendants allegedly brought the false disciplinary charges against him and he was subsequently transferred in September of 2004. The plaintiff's attempt to equate the harm of being transferred to a more restrictive place of confinement to the harm suffered when a plaintiff is falsely imprisoned or unlawfully incarcerated is unavailing. This action, filed more than two years after the plaintiff knew of the injury which forms the basis of his complaint, is untimely.

Turning to the plaintiff's motion to amend (Doc. #10), it is well settled that motions to amend are addressed to the sound discretion of the trial judge. *See, e. g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by FED. R. CIV. P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). The petitioner seeks leave to amend in order to provide more details surrounding the

events which give rise to his complaint and sets out nine numbered claims. However, all of the claims arose in September 2004, more than two years prior to the date the petitioner filed the instant complaint, and nothing in his amendment changes the court's determination that this action is untimely. Accordingly, the motion to amend is due to be DENIED.

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. The complaint is therefore due to be dismissed for failing to state a claim upon which relief can be granted to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 20th day of November, 2008.

                                       **ROBERT B. PROPST**
                             **SENIOR UNITED STATES DISTRICT JUDGE**